UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIDSA GUERRERO, an individual,

    Plaintiff,                                  CASE NO.:

v.

AMERICAN AIRLINES, INC., a foreign
profit corporation,

    Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MARIDA GUERRERO ("GUERRERO"), by and through the undersigned, and sues Defendant, AMERICAN AIRLINES, INC. ("AMERICAN AIRLINES"), and states as follows:

### I.    JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this is an action involving citizens of different states.

2. AMERICAN AIRLINES is a Delaware corporation, with its principal place of business at 1 Skyview Drive, MD8B503, Corporate Secretary, Fort Worth, Texas 76155.

3. GUERRERO is a citizen of Florida and resides in Tampa, Hillsborough County, Florida.

4. The flight on which the injury occurred originated from Dallas/Ft. Worth International Airport ("DFW") with a final destination of Tampa International Airport ("TPA").

## II.  NATURE OF CLAIM

5. GUERRERO seeks remedies for the Florida state claim of negligence.

## III.  PARTIES

6. GUERRERO was at all relevant times a citizen of Florida and is otherwise *sui juris*.

7. AMERICAN AIRLINES was at all times relevant, and is:

    a. a Delaware corporation, with its principal place of business at 1 Skyview Drive, MD8B503, Corporate Secretary, Fort Worth, Texas 76155;

    b. registered to conduct business in the state of Florida, with a Registered Agent Name and Address of: CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324;

    c. transacting business in Tampa, in Hillsborough County, Florida;

    d. engaged in operating foreign and domestic flights, arriving at, and departing from: Tampa International Airport, 4100 George J. Bean Parkway, Tampa, Florida 33607, in Hillsborough County, Florida; and

    e. obligated to follow the Rules and Regulations of the Federal Aviation Act of 1958, codified as 49 U.S.C. §§ 40101-49111.

8. At all times relevant, GUERRERO was a business invitee lawfully on and/or within the premises known to her as AMERICAN AIRLINES Flight No. AA1981, Seat No. 8C, from Dallas/Ft. Worth to Tampa, Florida on May 9, 2021.

9. At all times relevant, AMERICAN AIRLINES, for the purpose of conducting their business did own, operate, maintain and/or have under its exclusive care, custody, and

control the described airplane, all items taken onto the aircraft by all passengers, including GUERRERO, and the manner in which these items are stored on the aircraft.

## IV.    FACTUAL ALLEGATIONS

10. On April 19, 2021, GUERRERO obtained a ticket to travel on AMERICAN AIRLINES Flight No. AA1981 (the "Ticket").  See **"Exhibit A"**, attached.

11. AMERICAN AIRLINES Flight No. AA1981 departed from DFW on May 9, 2021, at 9:11 a.m., arriving at TPA on May 9, 2021.

12. On May 9, 2021, GUERRERO boarded AMERICAN AIRLINES Flight No. AA1981 for her return flight to TPA, scheduled to begin boarding in DFW at 8:30 a.m. and depart DFW by 9:11 a.m.  GUERRERO was seated in seat 8C.

13. When AMERICAN AIRLINES Flight No. AA1981 landed at TPA, the overhead compartment located directly across from GUERRERO'S seat 8C, suddenly, and without warning, opened.

14. Upon opening, an exceptionally large and heavy piece of luggage containing electronics fell from that overhead compartment striking GUERRERO and causing severe injury.

15. All overhead compartments were to be checked and closed by AMERICAN AIRLINES prior to take-off.  *See*, e.g., 14 C.F.R. §§ 91.523 and 91.525.

16. In fact, this particular overhead compartment was checked and shut by a flight attendant prior to take-off.

17. However, upon information and belief, despite being checked by the flight attendant, the luggage that fell on Plaintiff was too heavy for and/or improperly positioned within the overhead compartment.

18. There was no unusual turbulence, or other occurrence, which caused the aircraft to suddenly move or jolt to cause the opening of the above-mentioned overhead compartment.

19. Upon information and belief, the overhead compartment had not been opened by any passenger or any other individual during the course of the flight after take-off and prior to the incident.

20. As a result of the May 9, 2021, incident described above, GUERRERO sustained severe, permanent, and disabling injuries.

21. At all times relevant, AMERICAN AIRLINES acted improperly and/or failed to act properly by and through its employees, agents, servants, and/or representatives who were acting within the course of their employment and on behalf of AMERICAN AIRLINES.

## V.    CAUSE OF ACTION

### COUNT I - NEGLIGENCE

GUERRERO incorporates and re-alleges the allegations of paragraphs 1 through 21, above.

22. AMERICAN AIRLINES had a duty to keep and maintain the overhead compartments in a good and safe condition so that same should not constitute a menace, danger, nuisance, snare, or trap for passengers, such as GUERRERO.

23. AMERICAN AIRLINES breached this duty by negligently permitting the overhead compartment across from GUERRERO'S seat to become and remain in a dangerous and/or defective condition, in that AMERICAN AIRLINES did not close the overhead compartment across from GUERRERO'S seat so it would be in a safe position and not be a hazard so as to constitute a menace, danger, nuisance, snare and/or trap for passengers, including GUERRERO.

24. AMERICAN AIRLINES had or should or could have had knowledge or notice of the existence of the mentioned dangerous condition on the above premises.

25. As a direct and proximate result of the mentioned defective and/or dangerous condition within AMERICAN AIRLINES' airplane, GUERRERO sustained severe, permanent, and disabling injuries and damages, as will be more fully set forth.

26. At all times relevant, GUERRERO acted in a careful, cautious, reasonable, and prudent manner and was free from any comparative negligence.

27. At all times relevant, GUERRERO did not in any manner assume the risk of injury and/or accident.

28. The mentioned incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of GUERRERO.

29. The mentioned incident and resulting injuries and/or damages sustained by GUERRERO directly and proximately resulted from the negligence, carelessness and/or unlawful actions of AMERICAN AIRLINES, whose conduct consisted of, but were not limited to, the following:

a. failing to maintain the overhead compartment of the airplane, and AMERICAN AIRLINES' Flight AA1981, in a condition which would protect and safeguard the welfare of persons lawfully in the airplane;

b. permitting the overhead compartment to become and remain in a dangerous and/or defective state so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully there;

c. failing to inspect the premises at reasonable intervals in order to determine its condition so as to repair any defects;

d. failing to issue any warning, verbal, written, actual and/or constructive, to persons lawfully there of the described dangerous condition of the overhead compartment which existed within the airplane at the described location;

e. failing to correct or cure a dangerous and/or defective condition which AMERICAN AIRLINES knew or should have known to have existed;

f. permitting GUERRERO to occupy Seat No. 8C within AMERICAN AIRLINES' airplane, and AMERICAN AIRLINES Flight AA1981, when AMERICAN AIRLINES knew, or in the exercise of reasonable care should have known, that it was dangerous to do so, and involved an unreasonable risk of harm to persons so doing;

g. failing to provide GUERRERO and other persons lawfully on the airplane with a safe environment;

h. failing to provide GUERRERO and other persons lawfully on the airplane with an environment free from any falling debris;

    i. failing to maintain the premises in a manner consistent with and in conformity with recognized standards of care, design and safety and in accordance with applicable state and federal laws and regulations then in effect;

    j. allowing a dangerous and/or defective condition to exist within the airplane while business invitees of AMERICAN AIRLINES were allowed to utilize the airplane seat in question;

    k. creating a dangerous and/or defective condition within the airplane, and failing to post adequate warning signs, barriers and/or barricades in an effort to alert those persons lawfully on the airplane of the dangerous condition which existed;

    l. violating the standard care due business invitees, including GUERRERO;

    m. failing to properly position the described items in such a manner as to avoid the collapse and/or falling of the items from the mentioned compartment;

    n. failing to properly secure the described items in the compartment in such a manner as to avoid the items from falling onto GUERRERO and/or other patrons of AMERICAN AIRLINES' airplane and AMERICAN AIRLINES Flight AA1981;

    o. failing to abide by the Rules and Regulations of the Federal Aviation Act of 1958, codified as 49 U.S.C. §§) 40101-49111, and government regulations found in 14 C.F.R. §§) 91.13(a), 91.523, and 91.525(a);

    p. AMERICAN AIRLINES is vicariously liable under the dangerous instrumentality doctrine;

    q. further negligence as discovery may reveal.

30. As a direct and proximate result of AMERICAN AIRLINES' negligence, GUERRERO suffered serious bodily injury and resulting pain and suffering, disability, disfigurement,

mental anguish, loss of capacity to enjoy life, expenses of hospitalization, of medical and nursing care and treatment, loss of earnings and ability to earn a living. The losses are permanent and/or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, it is respectfully requested that judgment be entered for GUERRERO, and against AMERICAN AIRLINES, for compensatory damages, together with interest, costs and attorneys' fees.

## VI. DEMAND FOR JURY TRIAL

GUERRERO demands trial by jury for all issues which are so triable.

/s/ Luis G. Figueroa
Luis G. Figueroa, B.C.S.
Florida Bar Number: 294268
Mollie A. Hair, Esquire
Florida Bar Number: 104089
Dennis Hernandez & Associates, P.A.
3339 West Kennedy Boulevard
Tampa, Florida 33609
Telephone: (813)250-0000
Facsimile: (813)258-4567
Litigation@DennisHernandez.com
Attorneys for Plaintiff

March 21, 2023